```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

WILLIAM DWYER JR. AND                          CIVIL ACTION
CYNTHIA DWYER

VERSUS                                         NO: 06-4793

FIDELITY NATIONAL PROPERTY                     SECTION: "J" (4)
AND CASUALTY INSURANCE CO.
```

## ORDER AND REASONS

Before the Court is defendant's Motion to Dismiss Plaintiff's Federal Common Law Extra-Contractual Claims. (Doc. 14.) The motion is opposed. The Court heard oral argument on March 7, 2007 and, following argument, took the motion under advisement. For the following reasons that Court finds that the motion should be DENIED.

### BACKGROUND

*Background Facts*

Defendant issued a flood insurance policy covering plaintiffs' home. Plaintiffs' home flooded during Hurricane Katrina, and they provided their proof of loss "within weeks" to defendant. Plaintiffs allege that defendant's adjustor significantly undervalued their claim. Plaintiffs filed suit a

year later seeking to recover "all damages occasioned by [defendant's] misconduct, specific, and general, as well as attorney's fees, costs, interest, [and] penalties." (Complaint ¶ XVI.) At the March 7, 2007 hearing, plaintiffs' counsel advised the Court that plaintiffs' only extra-contractual claim is for attorney's fees to be awarded should the Court find that defendant acted in bad faith in requiring plaintiffs to sue.

*Background Law*

The National Flood Insurance Program ("NFIP"), as it is currently administered, authorizes private insurers, called Write Your Own ("WYO") companies, to issue NFIP policies under their own names. 44 C.F.R. § 62.23.  The National Flood Insurance Act ("NFIA") authorizes claimants to file a federal cause of action when a flood claim is denied or the amount is disputed. 42 U.S.C. § 4072. The Standard Flood Insurance Policy ("SFIP") is contained in regulations promulgated by the Federal Emergency Management Agency ("FEMA") and provides the terms and provisions of every flood insurance policy issued under the NFIP, including policies issued by WYO companies, such as defendant. The SFIP for dwellings is located at 44 C.F.R. Part 61, Appendix A(1). The entirety of the last section of the SFIP states:

> IX. What Law Governs
> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance

>regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law.

The three sources of law were added to the SFIP in 1982. The term "exclusively" was added in 2000 to clarify that state laws regarding handling of insurance claims are preempted, which courts have since confirmed. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005).

## LEGAL STANDARD

The standard for a Rule 12(c) motion for judgment on the pleadings is the same as that for dismissal under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-pled allegations and resolve all doubts in favor of the plaintiff. *Tanglewood East Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir. 1988). A Rule 12(b)(6) motion should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Rule 12(b)(6) motions are disfavored and rarely granted. *Id.* (quoting *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981)).

**DISCUSSION**

Defendant's arguments can be summed up as follows: In 42 U.S.C. § 4072, Congress provided that the exclusive remedy available under the NFIA for a claimant is recovery under the flood insurance policy. Plaintiff argues that federal courts retain their equitable power to award attorney's fees under the "vexatious litigation" exception to the American Rule. Because the flood policy specifically incorporates federal common law, the Court agrees with both of these statements.

### *Federal Common Law Exists*

While cases abound concerning the applicability vel non of state law causes of action to flood insurance claims, there is surprisingly little case law interpreting the applicability or contours of "federal common law." It has long been recognized that federal courts have the inherent authority to contravene the American Rule and award attorney's fees to the winning party when the losing party has necessitated litigation either without legal foundation or for an abusive purpose. *Ill. Cent. Gulf R.R. Co. v. Delta Millwork, Inc.*, 802 F.2d 156, 158-59 (5th Cir. 1986). "'The purpose of this exception is to prevent abuse of the court system by parties which can best their opponents by simply spending time and attorneys' fees in dilatory litigation.... The principle of compensation based on vexatiousness applies whenever

the federal courts are made the tool of improper conduct.'" *Id.* (quoting *In re Owners of Harvey Oil Ctr.*, 788 F.2d 275, 279 (5th Cir. 1986).) The exception applies equally whether the United States or a private litigant must bear the cost. 28 U.S.C. § 2412(b); *Sanchez v. Rowe*, 870 F.2d 291, 292-93 (5th Cir. 1989).[1]

In arguing that 42 U.S.C. § 4072 has stripped this Court of the power to deter and sanction abuse of the federal court system, defendant misquotes *Eerie v. Tompkins* as stating: "There is no federal common law." (Def's Mem. Doc. 14-2 at 4.) The correct quote is: "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.... There is no federal general common law." *Eerie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). There is federal common law, however, in the specific areas of law where federal concerns override. "It is not uncommon for federal courts to fashion federal law where federal rights are concerned." *Textile Workers Union of America v. Lincoln Mills of*

---

[1] Despite defendant's insistence, the Court is not at all convinced that the United States would be responsible for a payment of attorney's fees in this circumstance. Article III(D)(3) of the Financial Assistance/Subsidy Arrangement between FEMA and WYO Companies clearly dictates that FEMA will not reimburse WYOs for damages or costs awarded if FEMA "finds that the litigation is grounded in actions by the Company that are significantly outside the scope of this Arrangement, and/or involves issues of agent negligence." 44 C.F.R. Pt. 62, App. A art. III(D)(3).

5

*Alabama*, 353 U.S. 448, 457 (1957). Clearly, federal common law exists, as the continuing viability of the vexatious litigation exception attests. As noted above, FEMA has dictated that federal common law applies to flood insurance policies under the NFIA.

Faced with the undeniable fact that FEMA must have referred to it for some reason, defendant argues that the term "federal common law" means merely that courts may use standard insurance principles when undertaking contract interpretation of a flood policy. Defendant argues that the Fourth Circuit has limited the application of federal common law to contract interpretation in *Battle* v. *Seibels Bruce Ins. Co.*, 288 F.3d 596 (4th Cir. 2002). Defendant quotes a footnote in *Battle* that references federal common law's application "in resolving interpretive questions concerning insurance policies" as support for the proposition that no other use of federal common law is permitted. However, in the body of the opinion the Fourth Circuit concludes that "at a minimum, Battle's claim alleging breach of the implied covenant of good faith and fair dealing raises the federal question of whether federal common law implies, as part of a SFIP, a covenant of good faith and fair dealing on the part of a WYO Company towards its insured." *Battle*, 288 F.3d at 608. Clearly, the Fourth Circuit contemplates something more to federal common law

6

than simply contract interpretation.[2] *Battle* cites *Downey v. State Farm*, 266 F.3d 675, 681 (7th Cir. 2001), which finds that a suit against a WYO carrier under the NFIA invokes federal jurisdiction because "when the duties or rights of the United States are at stake under a federal program, that federal interest requires the application (and if necessary the creation) of federal law."

Defendant cites three district court cases that reject the idea that a cause of action for bad faith exists under federal common law: *Wright v. Allstate*, Civ. Action No. H-03-0915 (S.D. Tex. Dec. 2, 2005) (order of dismissal); *Howell v. State Farm*, 448 F. Supp. 2d 676 (D. Md. 2006); and *Scritchfield v. Mutual of Omaha*, 341 F. Supp. 2d 675 (E.D. Tex. 2004). In *Wright* the Fifth Circuit had previously found that state law claims are preempted.

---

[2] The covenant of good faith and fair dealing referred to by the Fourth Circuit is a standard insurance principle at common law, but it is not contract interpretation in a strict sense. *See* 97 Am. Jur. Trials 211 § 6 (2007) ("In most jurisdictions, an insurer that breaches its duty of good faith and fair dealing commits the tort of bad faith. 'Bad faith' is actionable as a tort only in the insurance context.") *See also*, Restatement (Second) of Contracts § 205 (1981) ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.") Restatements are not infrequently considered when courts create federal common law. *See, e.g.*, *Norfolk & W. Ry. Co. v. Ayers*, 538 U.S. 135, 148 (2003) (referencing the Restatement of Torts while developing federal common law under FELA); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 754 (1998) (referencing the Restatement (Second) of Agency for federal common law interpretation of Title VII.)

*Wright*, 415 F.3d 384 (5th Cir. 2005). On remand, the district court found without analysis that "[t]he Court is not aware by the pleading or otherwise of any federal common law cause(s) of action that might be asserted by plaintiff." *Howell* similarly stated simply that "the Court has been unable to find any case law creating such a right under federal common law." 448 F. Supp. 2d at 679. *Scritchfield* goes further and adopts the argument that "federal common law" only applies to contract interpretation. 341 F. Supp. 2d at 681-82. *Scritchfield* cites the Fifth Circuit case *Hanover Building Materials v. Guiffrida*, 748 F.2d 1011 (1984), in support of the proposition, but *Hanover Building Materials* does not <u>limit</u> federal common law to contract interpretation; it merely recognizes that it may be used for such. This Court is not convinced that federal common law in the context of the NFIA means only contract interpretation. The Court finds more convincing the Fourth Circuit's appreciation in *Battle* and the Seventh Circuit's in *Downey* that federal common law may encompass more. And, unlike the district courts in *Wright* and *Howell*, this Court finds an award of attorney's fees for vexatious litigation to be a well-established remedy at common law, if not a separate "cause of action."

### *FEMA Did Not Preempt Federal Remedies*

Defendant argues that it would be contradictory for FEMA to

preempt all state law causes of action, and in the same section of the SFIP allow similar remedies under the guise of federal common law. However, when FEMA added the preemptive word "exclusively" to the SFIP it did so with the intention of ensuring uniformity throughout the nation.

> [T]here is a need for uniformity in the interpretation of and standards applicable to the policies and their administration. Therefore, we have clarified the policy language pertaining to jurisdiction, venue and applicable law to emphasize that matters pertaining to the Standard Flood Insurance Policy, including issues relating to and arising out of claims handling, must be heard in Federal court and are governed exclusively by Federal law.

Final Rule, National Flood Insurance Program (NFIP) Insurance Coverage and Rates, 65 Fed. Reg. 60758, 60767 (October 12, 2000).

In supporting its rulemaking, FEMA never expresses an intent to prohibit any remedy or cause of action available under federal law, or any intent other than promoting uniformity. The application of federal common law would, theoretically, be uniform regardless in which State the case was filed. There is no inherent contradiction in preempting the variety of state laws that might apply while at the same time imposing the uniform requirements of federal common law. The Court has no difficulty recognizing the consistency of FEMA's regulatory scheme without denuding the term "federal common law" of meaning.

### *Congress Authorized A Private Right of Action*

The Court finds defendant's argument against an implied right of action to be somewhat off-point with respect to this case. Congress explicitly authorized a private right of action to resolve disputes over the adjustment and payment of flood claims in 42 U.S.C. § 4072. Plaintiffs' cause of action here is based on their flood policy, which explicitly incorporates federal common law. The Court sees no reason to engage in analysis of implied rights when the rights sued upon are explicitly granted in the Act and the implementing regulations.

### *Authorized, Therefore Constitutional*

In a similar vein, defendant's various constitutional arguments are misguided. *Howell v. State Farm Ins. Co.*, 448 F. Supp. 2d 676, n.17 (D.Md. 2006) (calling the arguments tautological). If this Court finds that Congress has authorized a remedy available at federal common law when it enacted the NFIA, then recognizing a claimant's right to pursue that remedy does not run afoul of the appropriations clause or separation of powers doctrine. Congress gave claimants a private right of action and granted FEMA the authority to implement the NFIA. *See* 42 U.S.C. § 4072; 42 U.S.C. § 4019. FEMA specifically includes federal common law as a source of governing law in each flood policy. *See* 44 C.F.R. Part 61, Appendix A(1)(IX). Therefore any

remedy that a plaintiff may recover at federal common law has been authorized by Congress.

## CONCLUSION

Federal common law includes the inherent authority to award attorney's fees for vexatious litigation provided that the factual predicate is proven. This Court has found no convincing reason to limit FEMA's incorporation of federal common law to contract interpretation. Thus, the Court declines to accept defendant's invitation to rule out an award of attorney's fees as a matter of law.

Accordingly,

**IT IS ORDERED** that defendant's Motion to Dismiss Plaintiff's Federal Common Law Extra-Contractual Claims (Doc. 14) is **DENIED**.

New Orleans, Louisiana this the 3rd day of April, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE