UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM DWYER JR. AND CYNTHIA DWYER | CIVIL ACTION |
| VERSUS | NO: 06-4793 |
| FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE CO. | SECTION: "J" (4) |

**STATEMENT OF REASONS**

On March 7, 2007, the Court denied defendant's Motion to Compel Appraisal, assigning oral reasons from the bench. The Court takes this opportunity to furnish written reasons.

**BACKGROUND**

Defendant issued a flood insurance policy covering plaintiffs' home. Plaintiffs' home flooded during Hurricane Katrina around August 29, 2005. They provided their proof of loss "within weeks" to defendant. Plaintiffs allege that defendant's adjustor significantly undervalued their claim. Plaintiffs filed suit on August 25, 2006 seeking to recover "all damages occasioned by [defendant's] misconduct, specific, and general, as well as attorney's fees, costs, interest, [and] penalties." (Complaint ¶ XVI.) The Court issued a scheduling order on October

26, 2006, setting the trial of this matter for April 22, 2007. Discovery was completed in due course. Witness and exhibit lists for trial were filed by both parties on February 6, 2007. On February 13, 2007 Defendant filed its Motion to Compel Appraisal.

**DISCUSSION**

The National Flood Insurance Program ("NFIP"), as it currently exists, authorizes private insurers, called Write Your Own ("WYO") companies, to issue NFIP policies under their own names. 44 C.F.R. § 62.23. The National Flood Insurance Act ("NFIA") authorizes claimants to file a federal cause of action when a flood claim is denied or the amount is disputed. 42 U.S.C. § 4072. The Standard Flood Insurance Policy ("SFIP") is contained in regulations promulgated by the Federal Emergency Management Agency ("FEMA") and provides the terms and provisions of every flood insurance policy issued under the NFIP, including policies issued by WYO companies, such as defendant. The SFIP contains a provision that allows either party to demand an appraisal when there is disagreement on the value of the loss. 44 C.F.R. Pt. 61, App. A(1) art. VII(P). The provision states that after the appraisal clause is invoked, a decision reached by two out of three impartial appraisers "will set the amount" of the claim.

Defendant argues that its motion to compel an appraisal under this clause constitutionally precludes this Court from

2

trying the case, and that plaintiffs' refusal to comply is a breach of the SFIP and prevents them from recovering under the policy. Defendant argues that the appraisal clause is mandatory and binding. Defendant finally argues that because the only issue in this case is the amount of the claim, litigation is entirely unnecessary and would be a waste of time and money. Plaintiffs counter that it is simply too late to derail their lawsuit by invoking a non-binding appraisal clause.

There is surprisingly little interpretation of the appraisal provision of the SFIP, and the Court has found nothing on the timeliness of a demand for appraisal. Defendant cites one of the few cases dealing with the provision, *De La Cruz v. Bankers Insurance Co.*, 237 F. Supp. 2d 1370, 1373 (S.D. Fla. 2002), for the proposition that the situation in this case "clearly invokes the appraisal clause" because the only remaining disagreement is over the value of the damaged items. However, in *De La Cruz* the plaintiff sued to enforce the appraisal clause and the court found that the issues raised in the suit were not appropriate for resolution by appraisal. The case does not speak to an attempt to enforce the appraisal clause as an alternative to trial after suit has been filed on the underlying claim.

Although the issue of timeliness of invoking the SFIP's appraisal clause appears to be an issue of first impression, the

Court has no difficulty in resolving it under the facts of this case.

Defendant asks the Court to "[p]lease note that Plaintiffs agree that the appraisal clause may be invoked either before or after lawsuit is filed." (Doc. 21-3 at 4 n.1.) This is blatantly misleading. Read in context, plaintiffs' statement that "nothing in the policy requires that the appraisal process be invoked prior to suit being filed" (Doc. 16 at 2-3) is not an admission that defendant's motion is timely, but a statement that appraisal is not a prerequisite to filing suit. The Court agrees with plaintiffs that the SFIP's appraisal provision is permissive rather than mandatory; "either [party] *may* demand an appraisal of the loss". 44 C.F.R. Pt. 61, App. A(1) art. VII(P) (emphasis added). Plaintiffs merely state the common understanding that "[a]rbitration or appraisal is not made a condition precedent where it is made optional upon the request of either party." Couch on Insurance 3d § 210:51 (Thompson/West Supp. 2006); *see also*, 46A C.J.S *Insurance* § 1529 (Thompson/West Supp. 2007); 14 A.L.R.3d 674 § 2 (Thompson/West Supp. 2007).

In addition to not being mandatory, the Court finds that a completed appraisal is not binding on the claimant. Defendant argues that an appraisal is binding on the federal government, citing 42 C.F.R. § 62.23(i)(1). The regulation actually provides

4

that the Arrangement in Part 62 Appendix A binds the federal government to a claim adjustment provided by a WYO, it does not appear to bind the WYO to an appraisal under the policy. *But cf.,* SFIP, 44 C.F.R. Pt. 61 App. A(1)(VII)(M)(1) (apparently binding WYO to appraisal after it accepts proof of loss). Even if defendant is correct that section 62.23(i)(1) binds the federal government to an appraisal, it does not bind the claimants. *See* 44 C.F.R. Pt. 62, App. A art. I ("[T]he sole parties under this Arrangement are the WYO Companies and the Federal Government"). To the contrary, the regulations explicitly authorize claimants who refuse to accept an appraisal conducted pursuant to the policy provisions to file suit in federal court within a year. 44 C.F.R. § 62.22. This is not a case where the plaintiff is suing to have an appraisal enforced, so defendant's notion that the federal government would be bound by an appraisal is beside the point.

    Defendant would have this Court cut off plaintiffs' suit weeks before trial and order an appraisal that could then be disputed by filing another lawsuit, or more likely, by picking this one up again where it left off. This would be an unreasonable waste of resources for all involved. It is commonly understood that an insurer's demand for appraisal must occur within a reasonable time. 14 A.L.R.3d 674 § 4 (Thompson/West

5

Supp. 2007). What is reasonable depends on all the circumstances of the case, but a demand by an insurer made after the time allowed to pay the claim[1] is usually held to be too late. *Id.* § 10. The NFIP regulations themselves contemplate that the appraisal will take place before suit is filed. *See* 44 C.F.R. § 62.22. Defendant's insistence that it can invoke a permissive appraisal clause at any time to oust this Court's jurisdiction to hear plaintiffs' claim, under the guise of a constitutional prohibition no less, is unreasonable. While the waste of resources necessitated by this suit is regrettable and may be relevant to plaintiffs' request for attorney's fees, it cannot now be solved by enforcing the appraisal clause.

## CONCLUSION

The Court has no cause to fix the boundaries of permissible delay, but it has no hesitation in declaring defendant's motion in the circumstances of this case to be untimely.

For these reasons, defendant's Motion to Compel Appraisal was DENIED.

New Orleans, Louisiana this the 3rd day of April, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] The SFIP gives a WYO 60 days to pay a claim after an accepted proof of loss. 44 C.F.R. Pt. 61 App. A(1)(M).