```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

WILLIAM DWYER, JR.                          CIVIL ACTION

VERSUS                                      NO: 06-4793

FIDELITY NATIONAL PROPERTY &                SECTION: "J" (4)
CASUALTY INSURANCE COMPANY
```

**ORDER AND REASONS**

Before the court is Plaintiffs' Motion for Attorney Fees. (Rec. Doc. 54).  For the reasons below, this Court finds that the Plaintiffs are entitled to attorneys' fees and costs in the amount of $22,927.88.

**BACKGROUND**

This matter came to trial on April 16-17, 2007.  At trial, the Court decided that based upon the facts of the case, attorneys' fees were not available to the Dwyers under the vexatious litigation exception to the American Rule.  Following trial, the Court asked counsel to brief the availability of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (2006).

In an order filed on May 24, 2007, this Court determined

that: (1) Suits against "Write-Your-Own" Flood Insurance Providers brought under 42 U.S.C. § 4072 (2006) are suits against an instrumentality of the executive branch of the Federal Government, that is to say, they are suits against the United States for the purposes of the EAJA; and(2) Fidelity's failure to act upon the Dwyers' supplemental flood claim, requiring them to sue Fidelity in order to recover what they were owed under the policy was not justified to a degree that could satisfy a reasonable person.  For those reasons, this Court held that attorneys' fees were available to the plaintiffs under the EAJA.

Therefore all that is left is for the Court to determine the amount of the attorneys' fees that Plaintiffs are entitled to.[1]

**Discussion**

Given the holdings on May 24, the only thing left to for this court to do is determine the amount of the attorneys' fees available to the Plaintiffs.

As a preliminary matter, the statute requires that a claimant who is to receive attorneys' fees must be a prevailing party.  28 U.S.C. § 2412(d)(1)(A) (2006).  The statute provides

---

[1]The Plaintiffs begin their application for fees by recounting the reasons that they believe that they are entitled to fees.  This Court already denied a defense motion to amend or expand reasons for granting fees, stating that it already did so in its oral reasons following trial and in the order of May 24, 2007.  Therefore there is no reason to go into the reasons that fees are available in this opinion.

that a party must have a net worth of less than $2 million in order to qualify. *Id.* § 2412(d)(2)(B). The Court has not expressly addressed the issue of whether the plaintiffs are prevailing parties under the statute. "A plaintiff is a prevailing party under the EAJA if he succeeds on any significant issue in litigation which achieves some of the benefit he sought in bringing suit." *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003). In this case, it is undisputed that the plaintiffs are prevailing parties under the statute.

### Attorneys' Fees

The statute provides that a prevailing plaintiff is entitled to "fees and other expenses." § 2412(d)(1)(A). "Fees and other expenses" are defined by the statute as "the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees. *Id.* § 2412(d)(2)(A). The statute further provides that "the amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in

excess of $125 per hour unless the court determines that an increase in the cost of living or special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*  The plaintiffs do not claim that any special factors apply to this case, and rest their argument for an increase in fees solely on inflation grounds.

Plaintiffs suggest that the rate that the United States will reimburse the attorneys representing Fidelity National is the best measure of the cost of attorneys in post Katrina New Orleans, and ask that the Court compel Fidelity to disclose that amount.  However, the rate that the government attorney is being paid is irrelevant to the amount that the plaintiffs are entitled to recover.  In fact, the plaintiffs do not cite a single case in which the amount at which the Government reimburses its attorney was used as a guidepost to the prevailing rate in the market.

Using the rate that the Government paid its attorneys is not appropriate under the standards of the EAJA.  The act specifically states the criteria to be used in determining the fee structure, and courts are not free to deviate from that structure.  *See Baker v. Bowen*, 839 F.2d 1075, 1082 (5th Cir. 1988).  Therefore the Court cannot consider the rate at which the Government will reimburse its attorneys.

The Fifth Circuit has held that there is a dual purpose to

4

the EAJA:  (1) "to ensure adequate representation for those who need it[; and (2)] to minimize the cost of this representation to taxpayers."  *Hall v. Shalala,* 50 F.3d 367, 369 (5th Cir. 1995). While the statute does give the Court the discretion to award fees above the statutory cap, the court is not bound to do so. In the Fifth Circuit, the statutory cap is not subject to an automatic adjustment for inflation.  *Id.*  However, the Fifth Circuit does encourage districts to maintain EAJA awards at the same level throughout the district.  *See Baker*, 839 F.2d at 1082; *Hall*, 50 F.3d at 369.[2]

A recent survey of cases out of the Eastern District of Louisiana, indicate that $125 per hour is the accepted fee to be awarded in EAJA cases.

- *Passaro v. Barnhart*, No. 04-1300, 2005 WL 1432368 (E.D. La. Mar. 27, 2005)(Barbier, J.) (finding that a $125 fee satisfied the purposes of the act.)

- *Buras v. Barnhart*, No. 01-618, 2004 WL 74315 (E.D. La. Jan. 14, 2004)(Zainey, J.)(collecting cases

---

[2]This is not to say that the rate structure must be the same throughout the Fifth Circuit.  In fact, rate disparities between markets is reasonable and expressly contemplated by the statute. *See Yoes v. Barnhart*, 467 F.3d 426, 426-27 (5th Cir. 2006).  The Fifth Circuit maintains, however, that "rate fluctuations among federal courts serving the same city are arbitrary."  *See Id.* (*citing Baker,* 839 F.2d at 1082).

and finding that $125 is the accepted fee in the district)

- *Knight v. Barnhart*, No. 02-1741, 2003 WL 21467533 (E.D. La. June 20, 2003)(Vance, J.)(same)
- *Jackson v. Barnhart*, No. 01-1911, 2002 WL 927799 (E.D. La. May 7, 2002)(Barbier, J.)(same)

Therefore, there does not appear to be a permissible reason to exceed the statutory cap in this case.  This Court finds that a fee of $125 per hour meets the purposes of the statute.

According to affidavits accompanying Plaintiffs' application for fees, Plaintiffs' counsel expended 136.75 hours of attorney time on this case.  The Defendant does not dispute whether this amount of time is reasonable, and the Court believes that the time is reasonable as well.  Therefore, at $125 per hour for 136.75 hours, the plaintiffs are entitled to $17,093.75 in attorneys' fees.

## Costs

Plaintiffs also seek costs as allowed under the EAJA. Defendant does not dispute the amount of costs sought or whether costs are allowed to be recovered.  The statute specifically applies to costs, and therefore costs may be recovered by the plaintiffs under the EAJA.

Courts have allowed plaintiffs to recover for costs

including, "photocopies, deposition fees, and general court costs."  *See Save Our Wetlands, Inc. v. Conner*, No. 98-3625, 2001 WL 406318 (E.D. La. Apr. 19, 2001)(Barbier, J.).  Courts have also approved of plaintiffs recovering costs of legal research.  *See Hanson v. Cmm'r of Internal Revenue*, 975 F.2d 1150, 1157 (5th Cir. 1992); *Granger v. Soc. Sec. Admin.*, No. 00-2848, 2001 WL 1537722 (E.D. La. Nov. 30, 2001)(Roby, Mag.).

Plaintiffs seek $1,835.13 in copying costs, service costs, computerized research and depositions.  The Court finds this amount to be reasonable, and therefore the plaintiffs should be awarded $1,835.13 in costs.

### Other Fees and Expenses

The statute also provides for expert fees to be recovered by a prevailing plaintiff, as long as those fees are not in excess of those paid by the government.  In this case, the government did not call any witnesses, and the plaintiffs' experts cost $1,500.  Therefore the plaintiffs are entitled to recover $1500.00 for his expert fees.

The Plaintiffs also seek to recover expenses of time spent preparing for the case by paralegals.  Courts have allowed prevailing plaintiffs to recover costs for work done by paralegals.  *See F.D.I.C. v. Hurwitz*, 384 F. Supp. 2d 1039, 1112 (S.D. Tex. 2005); *Duhe v. Soc. Sec. Admin.*, No. 00-3512, 2001 WL

839021 (E.D. La. July 23, 2001)(Roby, Mag.).

The Court is satisfied that the paralegal time spent on this case is reasonable, as is the rate of $60/hr for paralegal work. Therefore the court will award $2,499.00 in paralegal fees as well.

Accordingly,

**IT IS ORDERED** that Plaintiffs should be awarded attorneys' fees in the amount of $17,093.75, costs in the amount of $1,835.13, expert fees in the amount of $1,500.00, and paralegal fees in the amount of $2,499.00.

New Orleans, Louisiana this the 3rd day of August, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE