UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM DWYER JR., AND CYNTHIA DWYER | CIVIL ACTION |
| VERSUS | NO: 06-4793 |
| FIDELITY NATIONAL PROPERTY AND CASUALTY COMPANY | SECTION: "J" (4) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This is a claim for flood insurance benefits arising out of Hurricane Katrina. The case was originally set for bench trial in April 2007. Shortly before trial, defendant Fidelity sought to compel non-binding appraisal of the damages, pursuant to the insurance policy. The Court denied this request as untimely and, following a bench trial, awarded plaintiffs $56,963.19 in damages plus attorney's fees under the Equal Access to Justice Act. On appeal, the Fifth Circuit reversed and remanded, finding that this Court erred in failing to compel appraisal and in awarding attorneys' fees.

Following remand, the Court ordered the parties to participate in an appraisal process. The parties were unable to resolve their dispute through the appraisal, and the matter was

1

once again set for bench trial.  Prior to the second trial, the parties agreed to submit the matter based upon the entire previous trial record, supplemented by the appraisals, deposition testimony and additional briefing.  The matter has now been fully submitted for decision.

The case in its present posture raises two primary issues. First, plaintiffs have submitted a "supplemental report" of their expert, Mr. Louis Velez, which gives his opinion that the flood damages to the dwelling were actually higher than originally estimated.  The Court finds that this "supplemental report", which consists of a single short paragraph, lacks the requisite reliability, when combined with Mr. Velez' testimony. In particular, the email from Mr. Velez to the Plaintiffs' attorney indicates that Mr. Velez based his increased estimate of damages on what turned out to be Mr. Dwyer's non-existent testimony. During his deposition, Mr. Velez changed his explanation, asserting that he generated a higher estimate after his conversation with Mr. Dwyer during the first trial. Mr. Velez does not explain why he did not mention or take into account this supposed conversation assuming it occurred during the original trial.   Further, Mr. Velez' one-paragraph report does not contain an itemization of damages, making it even less reliable. Therefore, the Court finds that the plaintiffs failed to meet their burden of proof in alleging that the original scope of damage to their house should be increased.

The second issue raised pertains to the Dwyers' claim for overhead and profit (O&P) added to their original damage estimate. Defendant argues that O&P should not be awarded because the plaintiffs sold their damaged home before it was fully repaired. The Court is not persuaded by this argument for several reasons. This issue was not raised by Fidelity during the first trial and the original payment disbursed to the plaintiffs included O&P. Fidelity claims that the Dwyers are not entitled to O&P because the Dwyers never resorted to the services of a general contractor, having sold their home instead of repairing it. However, the price that the Dwyers secured from the sale of their home necessarily reflects the diminution of value because the repairs were not made. Furthermore, the home was not sold until April 2006, whereas the original claim was reviewed well before the sale in 2005. It appears that following Katrina, Fidelity's standard practice, as per instructions from FEMA, was to grant the adjuster authority to pay O&P where the adjuster estimated that a general contractor would be needed, whether or not a contractor had in fact been hired. At the time of the original claim valuation, the adjuster authorized O&P, realizing that the damage to the house was significant and would require hiring a general contractor. Thus, this Court finds that the Dwyers are entitled to O&P as part of their claim.

For these reasons, except as to the issue of attorneys' fees, the Court re-adopts its oral findings of fact and

conclusions of law which were dictated from the bench on April 17, 2007 at the conclusion of the original trial.  (See trial transcript, Rec. Doc. 67).  Judgment in favor of the Dwyers in the total amount of  $56,963.19 will be rendered.

New Orleans, Louisiana this the 25th day of June, 2010.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE